I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 9-10-12

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DUANE FRANKLIN, | Case No. CV 12-7669-DSF (RNB) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| KATHLEE L. DICKINSON, | |
| Respondent. | |

Petitioner is a California state prisoner, currently confined in Avenal State Prison. On or about August 24, 2012, he submitted for filing in the United States District Court for the Eastern District of California a Petition for Writ of Habeas Corpus by a Person in State Custody, which he styled as a "Second Amended Petition." Because the habeas matter that petitioner previously had initiated in the Eastern District of California had been transferred to the Central District of California, the clerk in the Eastern District forwarded petitioner's Second Amended Petition to the Central District. However, the operative petition in the transferred matter had been directed to petitioner's 2004 conviction of three Vehicle Code violations, whereas the just-forwarded "Second Amended Petition" appeared to be directed to a 1987 parole revocation hearing that apparently had resulted in petitioner receiving a one-year sentence. Accordingly, the "Second Amended Petition" was

1

processed as a new matter.

Subject matter jurisdiction over a habeas petition exists only when, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. See Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968); Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005); see also 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner does not remain "in custody" once the sentence imposed for the conviction has "fully expired." See Maleng, 490 U.S. at 491. However, a petitioner is "in custody" for the purposes of habeas jurisdiction while he remains on probation or parole. See Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005); Fowler, 421 F.3d at 1033 n.5; United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988).

The burden of establishing subject matter jurisdiction rests with the party seeking to invoke the district court's jurisdiction. See, e.g., Ashoff v. City of Ukiah, 130 F.3d 409, 410 (9th Cir. 1997); Thornhill Pub. Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Johnson v. Washington, 2009 WL 151284, *6 (W.D. Wash. Jan. 20, 2009) (habeas case). Moreover, the absence of subject matter jurisdiction may be raised by a district court sua sponte. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 2:18 (2010 rev. ed.).

Here, it does not appear from the face of the Second Amended Petition that petitioner still is "in custody" under the parole revocation that he is challenging. Although petitioner contends that this action is not subject to dismissal on the ground of mootness because he is now challenging the "collateral consequences" of his revocation hearing, petitioner is confusing the "mootness" doctrine with the "in custody" doctrine. In Carafas, 391 U.S. at 237-38, the Supreme Court held that, if subject matter jurisdiction to entertain a habeas petition exists at the time the petition is filed, the petition is not rendered moot by the petitioner's subsequent discharge from custody because the petitioner still is subject to the collateral consequences of

his conviction. However, the Supreme Court also acknowledged that the habeas corpus statute requires that the applicant must be "in custody" when the application for habeas corpus is filed. See id. at 238. Subsequently, in Maleng, 490 U.S. at 492, the Supreme Court explained that Carafas did not stand for the proposition that collateral consequences in themselves were sufficient to satisfy the "in custody" jurisdictional requirement:

> "While we ultimately found that requirement satisfied as well, we rested that holding not on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed. Ibid. The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it."

See also, e.g., Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir.) ("Maleng foreclosed any argument that collateral consequences could satisfy the in custody requirement for a petition filed after the expiration of the state sentence."), cert. denied, 546 U.S. 1043 (2005); Williamson v. Gregoire, 151 F.3d 1180 (9th Cir. 1998) ("[T]he boundary that limits the 'in custody' requirement is the line between a 'restraint on liberty' and a 'collateral consequence of a conviction.'"), cert. denied, 525 U.S. 1081 (1999).

IT THEREFORE IS ORDERED that, on or before October 12, 2012, petitioner show cause in writing, if any he has, why this action should not be summarily dismissed for lack of subject matter jurisdiction.

DATED: September 7, 2012

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE