1

2    I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY ~~~Petitioner~~
    FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
3    (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
    RECORD IN THIS ACTION ON THIS DATE.

DATED: __12-11-12__

DEPUTY CLERK



"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC 1 0 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DUANE FRANKLIN, ) | Case No. CV 12-7669-DSF (RNB) |
|     Petitioner, ) | |
|     vs. ) | ORDER SUMMARILY DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |
| KATHLEEN L. DICKINSON, ) | |
|     Respondent. ) | |

Petitioner is a California state prisoner, currently confined in Avenal State Prison. On or about August 24, 2012, he submitted for filing in the United States District Court for the Eastern District of California a Petition for Writ of Habeas Corpus by a Person in State Custody, which he styled as a "Second Amended Petition." Because the habeas matter that petitioner previously had initiated in the Eastern District of California had been transferred to the Central District of California, the clerk in the Eastern District forwarded petitioner's Second Amended Petition to the Central District. However, the operative petition in the transferred matter had been directed to petitioner's 2004 conviction of three Vehicle Code violations, whereas the just-forwarded "Second Amended Petition" appeared to be directed to a 1987 parole revocation hearing that apparently had resulted in petitioner receiving a one-year sentence. Accordingly, the "Second Amended Petition" was

1

1  processed as a new matter.

2       Based on his review of the "Second Amended Petition," the assigned
3  Magistrate Judge issued an order on September 10, 2012 requiring plaintiff to show
4  cause in writing, on or before October 12, 2012, why this action should not be
5  summarily dismissed for lack of subject matter jurisdiction. At petitioner's request,
6  the Magistrate Judge subsequently extended the filing deadline for petitioner's
7  response to November 12, 2012. However, petitioner failed to file a response to the
8  Order to Show Cause by the extended deadline or request a further extension of time
9  to do so.

10      Subject matter jurisdiction over a habeas petition exists only when, at the time
11 the petition is filed, the petitioner is "in custody" under the conviction challenged in
12 the petition. See Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed.
13 2d 540 (1989); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d
14 554 (1968); Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 n.5
15 (9th Cir. 2005); see also 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner does
16 not remain "in custody" once the sentence imposed for the conviction has "fully
17 expired." See Maleng, 490 U.S. at 491. However, a petitioner is "in custody" for the
18 purposes of habeas jurisdiction while he remains on probation or parole. See Chaker
19 v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005); Fowler, 421 F.3d at 1033 n.5; United
20 States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988).

21      The burden of establishing subject matter jurisdiction rests with the party
22 seeking to invoke the district court's jurisdiction. See, e.g., Ashoff v. City of Ukiah,
23 130 F.3d 409, 410 (9th Cir. 1997); Thornhill Pub. Co. v. General Tel. & Elec. Corp.,
24 594 F.2d 730, 733 (9th Cir. 1979); Johnson v. Washington, 2009 WL 151284, at *6
25 (W.D. Wash. Jan. 20, 2009) (habeas case). Moreover, the absence of subject matter
26 jurisdiction may be raised by a district court sua sponte. See Schwarzer, Tashima &
27 Wagstaffe, Federal Civil Procedure Before Trial ¶ 2:18 (2010 rev. ed.).

28 //

2

1 | denied, 546 U.S. 1043 (2005); Williamson v. Gregoire, 151 F.3d 1180 (9th Cir. 1998)
2 | ("[T]he boundary that limits the 'in custody' requirement is the line between a
3 | 'restraint on liberty' and a 'collateral consequence of a conviction.'"), cert. denied,
4 | 525 U.S. 1081 (1999).

5 |     IT THEREFORE IS ORDERED that this action be summarily dismissed for
6 | lack of subject matter jurisdiction pursuant to Rule 4 of the Rules Governing Section
7 | 2254 Cases in the United States District Courts.

8 |     LET JUDGMENT BE ENTERED ACCORDINGLY.

9 |         12/10/12

10 | DATED: _____

11 |                 Dale S. Fischer

12 |

13 |                 DALE S. FISCHER
                UNITED STATES DISTRICT JUDGE

14 | Presented by:

15 | Rob N Blk

16 | Robert N. Block
   United States Magistrate Judge
17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

4